UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY COLE,

                 Plaintiff,                            Case Number 13-13422
                                                       Honorable David M. Lawson
v.                                         Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING
COMPLAINT**

Plaintiff Jeffrey Cole filed the present action on August 9, 2013 seeking review of the
Commissioner's decision denying the plaintiff's claims for disability insurance benefits under Title
II of the Social Security Act and for supplemental security income under Title XVI of the Social
Security Act. The case was referred to United States Magistrate Judge David R. Grand under 28
U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for
summary judgement to reverse the decision of the Commissioner and remand the case with an order
for the administrative law judge (ALJ) to calculate and award benefits. The defendant filed a motion
for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate
Judge Grand filed a report on July 31, 2014 recommending that the defendant's motion for summary
judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of
the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the
defendant filed a response to the objections. This matter is now before the Court.

When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The record shows that the plaintiff, who is now 46 years old, filed his application for disability insurance benefits on April 1, 2010, when he was 41. The plaintiff completed the tenth grade, but he did not finish high school. From 1993 to 2005 he worked as a machine builder in the automotive industry. The plaintiff last worked in June 2005 and stopped working when various

physical impairments rendered him unable to perform his job as a machine builder.   In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of August 21, 2009.  The plaintiff has been diagnosed with blindness and keratitis in the right eye; right elbow epicondylitis; pancreatitis; gout; depression; and a history of alcohol abuse now in remission. However, the plaintiff does not take issue with any of the ALJ's findings on his physical impairments; he focuses solely on his mental impairments.

On April 21, 2010, the plaintiff filed his claim for disability benefits, alleging that he became disabled on August 21, 2009.  The plaintiff's application was denied initially on January 3, 2011. Cole timely filed a request for an administrative hearing, and on September 15, 2011, the plaintiff appeared before ALJ David A. Mason, Jr.   On October 4, 2011, ALJ Mason issued a written decision in which he found the plaintiff not disabled.  However, the Appeals Council granted Cole's request for review of the decision and remanded for a further hearing.  On January 3, 2013, Cole appeared and testified at a second hearing before ALJ Jerome B. Blum.  On February 21, 2013, ALJ Blum issued a written decision again finding that Cole was not disabled.  On September 18, 2013, the Appeals Council denied the plaintiff's request for review of the second decision.  Cole filed his complaint seeking judicial review on August 9, 2013.

In the second decision, ALJ Blum reached the non-disability determination by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920.  He found that the plaintiff had not engaged in substantial gainful activity since August 21, 2009 (step one); the plaintiff suffered from blindness and keratitis in the right eye, right elbow epicondylitis, pancreatitis, gout, depression, and a history of alcohol abuse now in remission, impairments which were "severe" within the meaning of the Social Security Act (step two); none of these impairments

-3-

alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his previous work as an automotive industry machine builder, which was skilled work requiring heavy exertional capacity the way the plaintiff performed the job (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform unskilled, sedentary work, with the limitation that he cannot lift more than ten pounds and would need to alternate between sitting and standing as he deemed necessary throughout the workday.  A vocational expert (VE) testified that the plaintiff would be able to perform unskilled, sedentary "bench work."  The expert testified that there are around 2,000 such jobs in southeast Michigan and 4,000 jobs statewide.  Based on these findings and using Medical Vocational Rule 204.00 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.  Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 18, 2013.

### Plaintiff's Objections

The plaintiff reiterated in his objections that he takes issue solely with the ALJ's findings as to his mental limitations and not the findings and conclusions regarding his physical abilities. The plaintiff did not separately number his objections, but his argument centers on the contention that the magistrate judge incorrectly concluded that substantial evidence supported the final determination of the Commissioner.  According to the plaintiff, the ALJ did not pose a complete and accurate hypothetical question to the VE reflecting all of the plaintiff's limitations; misconstrued evidence that the plaintiff failed to seek mental health treatment as tending to show that he did not have a mental illness; improperly disregarded other evidence tending to show that the plaintiff had a serious mental condition; and gave undue weight to the opinion of a reviewing examiner who the

-4-

plaintiff contends did not review the entire medical record.  The defendant responds that (1) the limitation to "unskilled work" encompassed by definition the particular limitations of "simple" and "low stress" work cited by the plaintiff, and (2) the plaintiff's argument that his failure to seek mental health treatment is itself symptomatic of mental illness is belied by the fact that the plaintiff repeatedly sought treatment for his physical ailments.

The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990).

Under 42 U.S.C. §§ 423(d)(1)(A) & (B) and 1382c(a)(3)(A) & (B), a person is disabled if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy."  Further, "[a] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(1)(C), 1382c(a)(3)(D).

To determine disability, the Commissioner has prescribed the five-step process noted above and set forth in 20 C.F.R. §§ 404.1520; 416.920.  However, if the plaintiff has satisfied his burden through the first four steps of the analytical process, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity.  *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  *See also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980).  "To meet this burden, there must be a

-5-

finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley,* 820 F.2d at 779 (internal quotes and citations omitted).

The plaintiff contends that because the hypothetical question to the vocational expert did not fully describe the plaintiff's mental impairments, the VE's opinion about the range of jobs available in the economy that the plaintiff could perform was invalid. Therefore, the plaintiff reasons, the Commissioner did not carry his burden of proof at step 5.

## A. First Objection

In his first objection, the plaintiff argues that the magistrate judge improperly credited the ALJ's finding that it was "imperative that [the plaintiff] has never sought or received formal mental health treatment," in concluding that the plaintiff's claim that he could not work due to his mental problems was not credible. The plaintiff argues that Social Security Ruling 96-7p and the case law of this circuit indicate that failure to seek treatment for mental health issues can itself be symptomatic of mental health problems, and failure to seek treatment therefore should not be taken as evidence that the plaintiff lacks mental issues.

It is true that the appellate decisions recognize that a claimant's failure to seek or engage in mental health treatment does not necessarily "evidence[] a tranquil mental state. For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 283 (6th Cir. 2009). But that does not mean that the failure to obtain mental health treatment is irrelevant to the disability determination. "A 'reasonable mind' might . . . find that the lack of treatment . . . [could] indicate[] an alleviation of . . . symptoms." *Id.* at 284. That appears to be the import of the ALJ's gloss on the medical records. He did note that the plaintiff "never sought or received formal mental health treatment." Tr. 27. But that statement

is followed by the observation that the plaintiff saw a variety of physicians, including his primary care doctor, who did not find a need to render treatment for depression.  Those observations by the ALJ were appropriate to the determination whether the mental impairment was disabling.  And as the magistrate judge noted, no treating physician diagnosed a mental impairment or referred the plaintiff to a mental health specialist for treatment.  *See* R&R at 4.

### B. Second Objection

In his second objection, the plaintiff argues that the magistrate judge improperly concluded that the hypothetical question posed to the vocational expert by ALJ Blum took account of all his mental limitations, because the ALJ directed the VE to consider a person able to perform "unskilled work" and not, "simple, low-stress unskilled work."  The plaintiff contends that the state's reviewing examiner did not conclude that the plaintiff could perform any "unskilled work," but only that he could perform "simple" and "low-stress" work that was unskilled.  The Court finds the magistrate judge's discussion of this issue thorough and accurate.  *See* R&R at 11-14.  As the magistrate judge explained, in some cases the limitation to "unskilled work" may not adequately address a concentration deficit.  However, the reviewing court's task is to examine the record as a whole and determine if substantial evidence supports the ALJ's RFC.  The cases in this district have applied that principle consistently.  *See, e.g., Lewicki v. Comm'r of Social Sec.*, No. 09-11844, 2010 WL 3905375, at *3 (E.D. Mich. Sept. 30, 2010); *Latare v. Comm'r of Soc. Sec.*, No. 08-13022, 2009 WL 1044836, at *3 (E.D. Mich. Apr. 20, 2009); *Bohn-Morton v. Comm'r of Soc. Sec.*, 389 F. Supp. 2d 804, 807 (E.D. Mich. 2005); *see also Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008) (concluding that the ALJ's hypothetical question, while it "could have been more complete," adequately accounted for the plaintiff's moderate mental impairments).

In this case, the limitations in the hypothetical question to the VE are supported by Dr. Rom Kriauciunas's broader conclusions that the plaintiff could perform "simple, low-stress, unskilled work" and perform "simple tasks on a sustained basis."  Tr. 158.

### C. Third Objection

In his third objection, the plaintiff contends that the magistrate judge overlooked evidence from a psychological examination dated December 21, 2010, in which the examiner noted that the plaintiff reported sleep and appetite disruptions, he was poorly groomed and attired and had poor self-esteem, he had "limited insight" and appeared to minimize his symptoms, his stream of mental activity was often vague, he had problems recounting past events, he "described longstanding obsessions and compulsions," and his affect was blunted.  The plaintiff contends that these symptoms, along with a Global Assessment of Functioning score of 48, indicate "serious symptoms" that were overlooked by the ALJ and the magistrate judge.  The plaintiff further argues that the examiners did not conclude that he could perform work in a "competitive" setting.

That argument ignores the reality, however, that there is other evidence in the record that supports the ALJ's RFC determination, as thoroughly discussed by the magistrate judge.  When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).  Instead, the Court must uphold "the ALJ's decision if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)

(citation omitted)).  "The substantial evidence standard is less exacting than the preponderance of evidence standard."  *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996). If the ALJ's decision is supported by substantial evidence, reversal would not be warranted even if substantial evidence supports the opposite conclusion.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

### D. Fourth Objection

In his fourth objection, the plaintiff argues that the magistrate judge improperly credited the conclusions of Dr. Edward Halperin, who conducted a review of the plaintiff's "paper file" and prepared a report dated December 15, 2012.  The plaintiff contends that it is "unknown" what the "paper file" on the plaintiff included.  The plaintiff concedes, however, that Dr. Halperin's report stated that he did review the December 21, 2010 psychological report which the plaintiff cites in his previous objection.  The plaintiff argues that, as a non-treating reviewing physician, Dr. Halpern's opinion should have been accorded less weight than that of the treating examiners who prepared the December 2010 report.  That may be true, but the authors of that report, Shelly Galasso Bonanno and Dr. Lisa Silver, did not state an opinion that was inconsistent with the ALJ's RFC determination.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #21] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #22] are **OVERRULED**.

-9-

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #16] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #20] is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 9, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 9, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI